# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
NICOLE BAYLESS and LARRY      *    No. 08-679V
BAYLESS, on behalf of S.B.,    *    Special Master Christian J. Moran
a minor,                       *
                               *    Filed: November 30, 2015
          Petitioners,         *
                               *    Stipulation: inactivated Polio virus
v.                             *    ("IPV"); Diphtheria-Tetanus-acellular
                               *    Pertussis ("DTaP"); Haemophilus
SECRETARY OF HEALTH            *    influenza-Hepatitis B ("Hib-Hep B");
AND HUMAN SERVICES,            *    Pneumococcal (Prevnar) vaccines;
                               *    encephalopathy; neurologic condition.
          Respondent.          *
* * * * * * * * * * * * * * * * * * * *
```

Michael G. McLaren, Black, McLaren, et al., PC, Memphis, TN, for Petitioners;
Julia McInerny, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION[1]

On November 25, 2015, respondent filed a joint stipulation concerning the petition for compensation filed by Nicole and Larry Bayless, on behalf of their minor child, S.B., on September 25, 2008. In their petition, the Bayless alleged that the inactivated Polio virus ("IPV"), Diphtheria-Tetanus-acellular Pertussis ("DTaP"), Haemophilus influenza-Hepatitis B ("Hib-Hep B") and Pneumococcal (Prevnar) vaccines which S.B. received on October 4, 2005, which are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), caused S.B. to sustained the first symptom of manifestation of the onset of an encephalopathy within the time period set forth in the Table. Petitioners further allege that S.B's injuries were caused-in-fact by the alleged vaccines, that his neurologic condition was significantly aggravated as a result of the vaccines, and that S.B. experienced the residual effects of any alleged injury for more than six months. Petitioners represent that there has

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

been no prior award or settlement of a civil action for damages on S.B.'s behalf as a result of his condition.

Respondent denies that S.B. suffered the onset of symptoms within the time period set forth in the Table; denies that his current disabilities are sequelae of his alleged Table injury; denies that the vaccines caused or significantly aggravated an encephalopathy, neurological condition, or any other injury; denies that his current disabilities are sequelae of his alleged injury; and denies that S.B. experienced the residual effects of any alleged injury for more than six months.

Nevertheless, the parties agree to the joint stipulation, attached hereto as "Appendix A."  The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

a. **A lump sum of $5,000.00, for reimbursement to the State of California Department of Health and Human Services for the Medical Lien, in the form of a check payable jointly to petitioners and**

**California Department of Health Care Services**
**Recovery Branch – MS 4720**
**P.O. Box 997421**
**Sacramento, CA 95899-7421**

**Petitioners agree to endorse this payment to the California Department of Health Care Services.**

b. **A lump sum of $5,000.00, in the form of a check payable to petitioners, as guardians/conservators of S.B.'s estate.  This amount represents compensation for all remaining damages that would be available under 42 U.S.C. § 300aa-15(a).**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 08-679V according to this decision and the attached stipulation.[2]

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

Any questions may be directed to my law clerk, Dan Hoffman, at (202) 357-6360.

**IT IS SO ORDERED.**

s/ Christian J. Moran
Christian J. Moran
Special Master

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| NICOLE BAYLESS and LARRY BAYLESS BAYLESS on behalf of S.B. a minor, )<br><br>)<br>)<br>Petitioners, )<br>v. )<br>)<br>SECRETARY OF HEALTH AND HUMAN SERVICES, )<br>)<br>)<br>Respondent. )<br>) | ECF<br>No. 08-679V<br>Special Master Moran |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Nicole Bayless and Larry Bayless, as parents and natural guardian of the minor child, S.B. ("petitioners") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petitioners seek compensation for injuries allegedly related to S.B.'s receipt of the inactivated Polio virus (IPV), Diphtheria-Tetanus-acellular Pertussis (DTaP), Haemophilus influenza-Hepatitis B (Hib-Hep. B), and Pneumococcal (Prevnar) vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. S.B. received his vaccinations on October 4, 2005.

3. The vaccinations were administered within the United States.

4. Petitioners allege that S.B. sustained the first symptom of manifestation of the onset of an encephalopathy within the time period set forth in the Table. Petitioners further allege that S.B.'s injuries were caused-in-fact by the alleged vaccines, that his neurologic condition was significantly aggravated as a result of the vaccines, and that experienced the residual effects of

any alleged injury for more than six months.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on S.B.'s behalf as a result of his condition.

6. Respondent denies that S.B. suffered the onset of symptoms within the time period set forth in the Table; denies that his current disabilities are sequelae of his alleged Table injury; denies that the vaccines caused or significantly aggravated an encephalopathy, neurological condition, or any other injury; denies that his current disabilities are sequelae of his alleged injury; and denies that S.B. experienced the residual effects of any alleged injury for more than six months.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

a.  A lump sum of $5,000.00, for reimbursement to the State of California Department of Health and Human Services for the Medical Lien, in the form of a check payable jointly to petitioners and

California Department of Health Care Services
Recovery Branch – MS 4720
P.O. Box 997421
Sacramento, CA 95899-7421

Petitioners agree to endorse this payment to the California Department of Health Care Services.

b.  A lump sum of $5,000.00 in the form of a check payable to petitioners, as guardians/conservators of S.B.'s estate.

2

This amount represents compensation for all remaining damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioners and their attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of S.B. as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioners, in their individual capacities and as legal representatives of S.B., on behalf of themselves, S.B., and S.B.'s heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and

Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of S.B. resulting from, or alleged to have resulted from the IPV, DTaP, Hib-Hep. B, and/or Prevnar vaccinations administered on October 4, 2005, as alleged by petitioners in a petition for vaccine compensation filed on or about September 8, 2008, in the United States Court of Federal Claims as petition No. 08-679V, and amended on December 7, 2010.

14. If S.B. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the

4

items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that S.B. suffered an encephalopathy within the time period set forth in the Table; that his current disabilities are sequelae of his alleged Table injury; that the vaccines caused or significantly aggravated an encephalopathy, neurological condition, or any other injury; that his current disabilities are sequelae of his alleged injury; or that S.B. experienced the residual effects of any alleged injury for more than six months.

18. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of S.B.

END OF STIPULATION

/

/

/

/

/

/

/

/

/

/

/

/

Respectfully submitted,

PETITIONERS:

NICOLE BAYLESS

LARRY BAYLESS

ATTORNEYS OF RECORD FOR
PETITIONERS:

MICHAEL G. MCLAREN
WILLIAM E. COCHRAN, JR.
BLACK MCLAREN JONES
RYLAND & GRIFFEE
530 Oak Court Drive, Suite 360
Memphis, TN 38117
(901) 762-0535

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

A. MELISSA HOUSTON, M.D., M.P.H., FAAP
Director, Division of Injury Compensation
Programs (DICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop HC-26
Rockville, MD 20857

Dated: 11/25/15

ATTORNEY OF RECORD FOR
RESPONDENT:

JULIA W. MCINERNY
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 353-3919

6